IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12cv219

| | |
|---|---|
| CALVIN G. LATIMER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| I.R.S. SERVICE, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the court on plaintiff's Application to Proceed Without Prepayment of Fees and Affidavit. The court has carefully considered plaintiff's affidavit which shows no income and very modest living expenses. Review of the 2011 Health and Human Services Poverty Guidelines provides that for a household of one person, that income less than $10,890.00 falls below the federal poverty measure as determined by the government. See http://www.aspe.hhs.gov/poverty/11poverty.shtml. It does not appear that plaintiff has funds with which to pay the required filing fee at this time. The court will, therefore, <u>conditionally</u> allow the application and permit plaintiff to proceed without prepayment of the filing fee of giving security therefor.

Having allowed plaintiff to proceed *in forma pauperis*, the court has conducted a review of the Complaint in accordance with 28, United States Code, Section 1915(e)(2)(B)(ii). From the face of the Complaint, it appears that plaintiff is attempting to assert a claim against the Internal Revenue Service for unlawful collection of tax. See

-1-

Complaint, at 4. While plaintiff does not specify a date of such alleged unlawful act, review of the Complaint combined with the attachments thereto tend to indicate that the alleged unlawful tax action occurred in 2001.

Construing such Complaint as broadly as possible, the court first interprets plaintiff's claim as a demand for the recovery of funds erroneously or illegally retained by the IRS and for damages arising from such action. This court has jurisdiction over such claims under 28 U.S.C. § 1346, which provides federal courts with jurisdiction over claims against the United States "for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected." Id. Based on the allegations of the Complaint – construed in a light most favorable to plaintiff – he cannot bring suit under Section 1346 because he failed to comply with the three-year statute of limitations. See 26 U.S.C. § 6511. Equitable tolling is not applicable to Section 6511, United States v. Brockamp, 519 U.S. 347 (1997), thus there is no reason to require further response or briefing. Plaintiff's failure to file this action within the statutory period divests this court of jurisdiction under the doctrine of sovereign immunity. United States v. Mitchell, 445 U.S. 535 (1979).

The court has also considered whether plaintiff could obtain relief under 26 U.S.C. § 7433, which provides a cause of action for damages arising from reckless or intentional violations of the Internal Revenue Code in connection with tax collection. This appears to be the claim that plaintiff wants to bring as he has circled such provision in an IRS informational pamphlet annexed to his Complaint at page 4. As the event plaintiff appears to challenge apparently occurred in 2001, this claim too is time-barred under a two-year

statute of limitations applicable to Section 7433 claims. 26 U.S.C. 7433(d)(3).

Having carefully considered the Complaint in accordance with 28, United States Code, Section 1915(e)(2)(B)(ii), the court determines that plaintiff has not presented a claim that survives consideration under Rule 12(b)(6), Federal Rules of Civil Procedure.

**ORDER**

**IT IS, THEREFORE, ORDERED** that plaintiff's Application to Proceed Without Prepayment of Fees and Affidavit (#2) is conditionally **GRANTED,** and plaintiff is allowed to proceed without prepayment of a filing fee or giving security therefore. Process shall not issue and service shall not be effectuated.

**IT IS FURTHER ORDERED** that this action is dismissed for failure to state a claim in accordance with 28 U.S.C. § 1915(e)(2)(B)(ii).

The Clerk of Court is instructed to send a courtesy copy of this Order to the United States Attorneys Office, attention Paul Taylor.

Signed: April 9, 2012

Max O. Cogburn Jr.
United States District Judge